KLEINFELD, Circuit Judge:
I concur in all but part four of the disposition.
I dissent with respect to the retaliation claim involving the threatened one-person reduction in force (RIF) and lateral transfer.
To establish a prima facie case of retaliation, Slaughter-Payne must show “(1) she engaged in a protected activity; (2) she suffered an adverse employment action; and (3) there was a causal connection between the two.”[1] Slaughter-Payne failed to show any adverse employment action with respect to the threatened one-person RIF (which never occurred) and lateral *15 transfer. Even if she had shown adverse employment action, she failed to show that the VA’s nonretaliatory budgetary reason was pretextual.
Slaughter-Payne did not experience adverse employment action with respect to the one-person RIF. The one-person RIF she received notice of (1) was sought to avoid dismissing her by expanding job placement opportunities, and (2) never in fact occurred, as it was never approved. The reason for the proposed one-person RIF was that Slaughter-Payne’s entire department was abolished. Everyone else in the unit accepted early retirement or transfer while Slaughter-Payne did not. In 2002, all administrators were asked to reduce budget requests by ten percent, and the Administrator of Mental Health and Behavioral Management Services determined that the entire program, not just Slaughter-Payne’s position in the program, should be eliminated because that program’s workload had dropped drastically from 1999-2001. All eighteen affected individuals in Slaughter-Payne’s department, including Slaughter-Payne, were offered early retirement, transfers, and other adjustments. Slaughter-Payne rejected early retirement and the offered transfer; the other individuals took them. The Veterans Affairs Medical Center then notified the union and Slaughter-Payne of a pending RIF for her position, explaining that it could not otherwise accommodate her transfer request because it would constitute an impermissible promotion without competition. But despite the notification, Slaughter-Payne was never actually terminated. The termination did not constitute adverse employment action because it never happened.
Additionally, no adverse employment action occurred with respect to Slaughter-Payne’s lateral transfer. Slaughter-Payne was initially offered a transfer to a GS-7 position, which she declined, and then was transferred (after filing a formal EEO complaint) to a GS-9 position with no decrease in pay. Slaughter-Payne had in fact indicated in her response to the VSIP that two of the five jobs she wished to be considered for were in human resources, a transfer she now claims was a control tactic. She went from a GS-9 to a GS-9. Transferring Slaughter-Payne to a high grade position she requested with no decrease in pay does not constitute an adverse employment action.
Even if we treat the notice of RIF that never occurred and the transfer with no reduction of grade or pay as adverse employment actions, Slaughter-Payne fails to show that the budgetary explanation offered by the VA is pretextual. If there were adverse employment action, proximity in time may establish a prima facie case of causation “where an adverse employment action follows on the heels of protected activity.”[2] The burden then shifts to the defendant to provide a nonretaliatory reason for the action, and the defendant has met this burden by showing uniformly motivated budgetary actions.[3]
It does not make sense in this context to require the employer to explain why it selected Slaughter-Payne in particular for layoff, because it did not select her in particular. The entire program was abolished because it had experienced drastic drop-offs in workload. The VA presented the affidavit of Laurel VanHalderen, the *16 woman who determined that Slaughter-Payne’s program should be abolished, stating that “I abolished the CWT program” after performing cost-benefit analysis, and explaining how she transitioned the final patients.
After the VA offered this nonretaliatory budgetary explanation for its decision to abolish Slaughter-Payne’s department, Slaughter-Payne failed to produce “sufficient evidence to raise a triable issue of fact as to whether the reason proffered ... was a pretext for unlawful retaliation or discrimination.”[4] Merely restating that the RIF and lateral transfer occurred close in time to protected action is not enough.
I would affirm the district court’s grant of summary judgment in its entirety.

. Surrell v. Cal. Water Serv. Co., 518 F.3d 1097, 1108 (9th Cir.2008).

. Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1065 (9th Cir.2002).

. Miller v. Fairchild Industries, Inc., 885 F.2d 498, 505 (9th Cir.1989) (explaining that the appellant needed to show "whether Fair-child's economic rationale was a pretext for retaliation").

. Bergene v. Salt River Project Agr. Imp. and Power Dist., 272 F.3d 1136, 1141 (9th Cir.2001).